```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

JIMMIE C. CARTER,                )
                                 )
            Plaintiff,           )
                                 )
       v.                        )      CIV-05-231-FHS
                                 )
CITY OF GORE, a political        )
subdivision of the State of      )
Oklahoma,                        )
            Defendant.           )

## ORDER AND OPINION

Before the court for its consideration is the Defendant's Motion to Dismiss filed March 13, 2009, and the Plaintiff's Motion to Reopen Action and For Order Enforcing Settlement Agreement filed February 20, 2009. A hearing was held March 26, 2009, at which both motions were discussed.

In defendant's Motion to Dismiss it argues this court is without jurisdiction to enforce the provisions of the settlement agreement because it did not specifically reserve jurisdiction in the final order of settlement. In fact, defendant argues the final settlement papers state a separate lawsuit should be filed for enforcement purposes. Defendant argues this document does not contemplate re-entry into this action for enforcement purposes. Defendant also argues this is now a breach of contract action more appropriately brought in state court. Plaintiff responds by arguing he believes this court has jurisdiction to enforce the settlement through the court's Judgment Dismissing Action By Reason of Settlement and the non-compliance and disclosure sections of the settlement agreement.

In Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 381 (1994) the court stated a district court does not retain jurisdiction to enforce a settlement agreement unless it specifically reserved such jurisdiction in the dismissal. Defendant argues this court did not reserve such jurisdiction in the final settlement agreement. However, this court finds it did reserve such jurisdiction.

On November 21, 2005, the court entered its Judgment Dismissing Action By Reason of Settlement. The Judgment provides: "It is ordered that the action is dismissed without prejudice. The court retains complete jurisdiction to vacate this order and to reopen the action upon cause shown that settlement has not been completed and further litigation is necessary." Is also stated "It is further ordered the parties are directed to submit final closing papers within 30 days from the date of this order." While the final closing papers do not contain language regarding the district court's retention of jurisdiction they do nothing to negate the previous statement wherein the court clearly retained jurisdiction by stating "The court retains complete jurisdiction to vacate this order and to reopen the action upon cause shown that settlement has not been completed and further litigation is necessary." The court finds since it did retain jurisdiction in the Judgment Dismissing Action By Reason of Settlement, it has jurisdiction to enforce the provisions of the settlement agreement. Based on the language in this document, the court clearly intended to retain jurisdiction and nothing in the later settlement documents reversed or negated this retention of jurisdiction.

As a result, the court orders further briefing so it can discern what issues are still unresolved. At the hearing held March 26, 2009, it appeared as if several of the issues of which plaintiff complained were now resolved. The court orders the plaintiff to file by April 30, 2009, a supplemental briefing which plainly and concisely lists the issues which he feels are still pending in regard to the settlement agreement. The defendant is ordered to respond by May 7, 2009, and plaintiff can file a reply if one is to be filed by May 10, 2009.

Accordingly, the defendants Motion to Dismiss (doc. # 37) is hereby denied.

**IT IS SO ORDERED** this 24th day of April, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma