```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA
```

JIMMIE C. CARTER,              )
                               )
               Plaintiff,      )
                               )
          v.                   )      CIV-05-231-FHS
                               )
CITY OF GORE, a political      )
subdivision of the State of    )
Oklahoma,                      )
                               )
                               )
               Defendant.      )

## ORDER AND OPINION

    Before the court for its consideration is the Plaintiff's Motion to Reopen Action and for Order Enforcing Settlement Agreement filed February 20, 2009. A hearing was held March 26, 2009. At this hearing, the court heard arguments on plaintiff's motion to reopen action and on a motion to dismiss filed by defendant. Defendant argued this court did not have jurisdiction over this matter.

    In an order entered on April 24, 2009, this court found it retained jurisdiction to order enforcement of the settlement agreement and as a result, denied the motion to dismiss filed by defendant. In that order the court requested additional briefing by the parties. The court was attempting to ascertain what, if any, issues were still unresolved as to the settlement agreement.

    As requested, the parties filed the supplemental briefings. Plaintiff enumerated several items which he believes were part of

1

the settlement agreement with which the defendant has not complied. Defendant responded by arguing these items have either been corrected or are not part of the settlement agreement.

The only provision at issues deals with the Steve Owens/Sports Complex. The section at issue reads as follows:

**STEVE OWENS PARK/SPORTS COMPLEX**

A.  The final permanent construction of the Steve Owens Park Complex will fully comply in all respects with the ADA and the provisions of the ADAAG current at the time of construction.

    i.  Initial funding of the Complex will be applied toward the completion of B, C and D below. The rest and residue will be spent in furtherance of the completion of the permanent structures (excluding maintenance).

B.  The Defendant agrees by April 1, 2006, to have installed and in place one 5' x 5' pad and one 5' x 10' pad with an attached, accessible, portable toilet. One will service the southwest field and the other will service the northwest field.

C.  By December 31, 2007, the Defendant further agrees to provide two (2) accessible parking spaces on the west side of the baseball fields with a shared access aisle in compliance with 4.6 of the ADAAG.

D.  By December 31, 2007, the Defendant shall provide an accessible route leading from the parking access aisles to

an accessible route leading to the existing pads referenced
above in compliance with 4.3 of the ADAAG.

In Plaintiff's Motion to Reopen Action and for Order Enforcing Settlement Agreement the plaintiff stated the defendant had completed the modification agreed to in paragraph B, C and D, however, the defendant has failed to complete the additional modifications necessary to make the complex fully compliant with the ADA. Thus, by plaintiff's own admission the only issue remaining is paragraph "A" and subpart "I".

The parties entered into a settlement agreement. A settlement agreement is a contract between the parties used to settle a lawsuit. Settlement agreements are interpreted as binding contracts and are governed by the ordinary principles of contract law. <u>Colella v. University of Pittsburgh</u>, 569 F. Supp 2d 525, 530 (W.D. Pa. 2008). A breach of contract suit requires three elements be proven: formation of a contract; a breach of that contract; and actual damages suffered from that breach. <u>Oltman Homes, Inc. v. Mirkes</u>, 190 P.3d 1182, 1185 (Okla. Civ. App. Div. 2 May 23, 2008). There is no dispute the settlement agreement was a binding contract. The only issue is whether defendants have breached that agreement. The court has throughly reviewed the settlement agreement. It has also reviewed the items which plaintiff believes are not in compliance with the settlement agreement entered into by the parties in December 2005. The court finds the items of which plaintiff complains are either not part of the settlement agreement or have been completed as required by the defendant. As a result no breach of the contract has occurred. The court finds the defendant has complied with the terms of the settlement agreement and no further enforcement by this court is needed. Accordingly, the

court denies the plaintiff's Motion to Reopen Action and for Order Enforcing Settlement Agreement.

**IT IS SO ORDERED** this 5th day of June, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma