IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JIMMIE C. CARTER,              )
                               )
            Plaintiff,         )
                               )
       v.                      )   CIV-05-231-FHS
                               )
CITY OF GORE, a political      )
subdivision of the State of    )
Oklahoma,                      )
                               )
                               )
            Defendant.         )

**ORDER AND OPINION**

　　Before the court for its consideration is the Defendant's Motion for Attorney Fees and the Plaintiff's Motion to Stay Ruling on Defendant's Motion for Attorney Fees. Defendant argues that pursuant to the terms of the settlement agreement entered into by the parties, it is entitled to attorney fees. Plaintiff responded by arguing defendant is not entitled to fees because it had not met the burden of proving it is entitled to fees under the fee-shifting provisions of the Americans with Disability Act. Plaintiff argues defendant has failed to show the Motion to Reopen Case and to Enforce Settlement Agreement was frivolous, unreasonable or without foundation or that the plaintiff was not substantially justified in bringing this suit.

　　The court has previously found the parties entered into a settlement agreement. A settlement agreement is a contract between the parties used to settle a lawsuit. Settlement agreements are interpreted as binding contracts and are governed by the ordinary principles of contract law. Colella v. University

1

<u>of Pittsburgh</u>, 569 F. Supp 2d 525, 530 (W.D. Pa. 2008). There is no dispute the settlement agreement was a binding contract. Thus, the dispute over the attorney fees before the court is a contractual issue. The settlement agreement clearly states:

> If any action or proceeding is commenced with regard to the subject matter of this Stipulation for Settlement, then the prevailing party in such action or proceeding shall be entitled to have its reasonable attorney's fees and costs incurred in said action or proceeding promptly reimbursed by the non-prevailing party.

The Motion to Reopen Case and Enforce Settlement Agreement was clearly a lawsuit which was commenced in regard to the original settlement agreement. Defendant was the prevailing party when this court found it had fully complied with the terms of the settlement agreement. The court is to apply contract principles to an action to enforce a settlement agreement and to any dispute over that contract. <u>Republic Resources Corp. v. ISI Petroleum West Caddo Drilling Program 1981</u>, 836 F.2d 462, 465 (10th Cir. 1987). As a result, whether a party is entitled to attorney fees is a contractual issue. <u>Scrivner v. Sonat Exploration Company</u>, 242 F.3d 1288, 1294 (10th Cir. 2001). Thus, under the terms of the settlement, as the prevailing party, defendant is entitled to reasonable attorney fees.

In his response to the Motion for Attorney Fees plaintiff does not contest the amount of the attorney fees. Finding the amount is not contested, the court finds the requested fee of $8,339.70 is reasonable.

Accordingly, the court grants the Defendant's Motion for Attorney Fees in the amount of $8,339.70. Further, the Plaintiff's Motion to Stay Ruling on Defendant's Motion for

Attorney Fees is denied.

**IT IS SO ORDERED** this 20th day of July, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma